■ In the Matter of ROSLYN C. (ANONYMOUS) et al. MARY J. BRENNAN, as Acting Executive Director of the Nassau County Children's Bureau, Respondent; ROBERT C. (ANONYMOUS) et al., Appellants.—In four proceedings, namely, one child abuse and neglected child proceeding, and three neglected child proceedings, each proceeding involving a separate child, the appeal is from a single order of the Family Court, Nassau County,, entered January 14, 1975, covering all four proceedings. Permission to appeal from so much of the order as, after a hearing, found all four of the children to be neglected, is hereby granted. Order affirmed, without costs. As to the first above-mentioned proceeding, the order found the child therein involved to be an abused child in addition to a neglected child. The record on this appeal is adequate to sustain all the determinations of the Family Court. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■ In the Matter of the CITY OF NEW YORK, Respondent-Appellant, Relative to Acquiring Title to Real Property for Marcus Garvey Park Village I (Stage II) Urban Renewal Project in the Borough of Brooklyn. ASH-LIP REALTY CORP., Appellant-Respondent.—In a condemnation proceeding, claimant Ash-Lip Realty Corp. appeals, and petitioner City of New York cross-appeals, from so much of the fifth separate and partial final decree of the Supreme Court, Kings County, entered November 4, 1974, as, after a nonjury trial, awarded claimant $10,000. Fifth separate and partial final decree modified, on the law and the facts, by increasing the award to claimant therein to $12,500. As so modified, fifth separate and partial final decree affirmed insofar as appealed from, without costs. Under the particular circumstances and the state of the proof obtaining in this case, we find that the sum of $12,500 constitutes just compensation for the taking. We reject claimant's contention that the filing of a *lis pendens* in 1966, in connection with an abortive prior public school condemnation proceeding, constituted a *de facto* taking. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.